COWART, Judge,
dissenting:
The record on appeal consisting of a transcript of proceedings in the trial court shows that the defendant was charged with the burglary of a dwelling while armed with a dangerous weapon, a knife (a first degree felony punishable by imprisonment for a term of years not exceeding life imprisonment under section 810.02(2)(b), Florida Statutes) and that the State offered to waive the weapon aspect of the charge, and to accept a nolo contendere plea to the reduced charge of burglary of a dwelling (a second degree felony under section 810.-02(3), punishable under section 775.-082(3)(c), Florida Statutes, by imprisonment not exceeding fifteen years). The State further agreed to a five year “cap” or limitation on any prison sentence imposed. The defendant, who had three prior felony .convictions (two for burglary) and had served a total of seven and one-half years confinement in prison, expressly assured the court of his satisfaction with the services of his trial counsel, accepted the plea offer and entered a nolo contendere plea and was sentenced exactly in accord with the negotiated plea.
In a 3.850 motion the defendant now boldly states that the minutes of the hearing will reflect that he pled to a violation of section 810.08(2)(c), Florida Statutes, being the offense of trespass in a structure, a third degree felony subject to a minimum five year sentence and, that by telling him that the maximum sentence under section 810.08(2)(c) was fifteen years rather than five years his trial counsel misinformed him and is therefore “ineffective counsel” entitling the defendant to set aside his plea. Unfortunately the trial court denied the defendant’s 3.850 motion on the explicit ground that it did not substantially comply with Rule 3.850 in that while the motion was sworn, the factual matters contained in the memorandum of law attached and referred to in the motion, were not specifically verified. I would uphold the denial of the motion not for the reason given by the trial judge but because the transcript of the plea negotiations and of the acceptance of the defendant’s nolo contendere plea is completely adequate to refute the factual assertions in defendant’s motion and in his memorandum of law, which consists largely of erroneous assumptions and conclusions as to relevant and irrelevant legal principles.